SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
-----------------------------------------------------------------------X
ROBERT AMBROSINI,                                    Index No.:

                              **SUMMONS**

                 Plaintiff,

                              Plaintiff designates Suffolk
                              County the place of trial

                              The basis of the venue is the
                              Plaintiff's residence

      -against-

ATRIA MANAGEMENT COMPANY, LLC,

                 Defendant.
-----------------------------------------------------------------------X

      ***YOU ARE HEREBY SUMMONED*** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's attorneys within twenty (20) days after the service of this Summons, exclusive of the date of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in the case of your failure to appear or answer, judgment will be taken against by default for the relief demanded in this complaint.

Dated: New York, New York
        May 19, 2021

                                      Yours, etc.,

                                      VANDAMME LAW FIRM, P.C.
                                      /s/ *Hendrick Vandamme*
                                      Hendrick Vandamme, Esq.
                                      46 Trinity Place, 3rd Floor
                                      New York, New York 10006
                                      Tel: (212) 641-0613/212-851-6916

TO:    ATRIA MANAGEMENT COMPANY, LLC,
       Defendant
       4089 Nesconset Highway
       South Setauket, NY 11720

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
------------------------------------------------------------------------X
ROBERT AMBROSINI,              Index No.:

         Plaintiff,

                                                          **VERIFIED COMPLAINT**

     -against-

ATRIA MANAGEMENT COMPANY, LLC,

        Defendant.
------------------------------------------------------------------------X

Plaintiff, ROBERT AMBROSINI, (hereinafter "Plaintiff"), by his attorneys, Vandamme Law Firm, P.C., as and for his Verified Complaint against Defendant ATRIA MANAGEMENT COMPANY, LLC, ("Defendant"), alleges as follows:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction of the claims that arise under New York laws.

2. Venue is proper because at least one resides in Suffolk County.

3. Plaintiff ROBERT AMBROSINI is a resident of Suffolk County, New York, and a former employee of the Defendant.

4. Upon information and belief, Defendant ATRIA MANAGEMENT COMPANY, LLC, is a domestic or foreign corporation with its place of business located at 4089 Nesconset Highway, South Setauket, NY 11720.

5. This is a civil action seeking monetary relief, compensatory damages, disbursements, costs and fees for violations of Plaintiff's rights resulting from wrongful termination, discrimination, harassment, hostile work environment, violation of New York State employment laws, and retaliation.

6. Specifically, Plaintiff alleges that Defendant negligently, intentionally, wantonly, recklessly, and knowingly sought and did wrongfully deprive him of his employment, position, title, and pay through discrimination, harassment, and retaliation. Plaintiff alleges that Defendant purposefully and intentionally discriminated against him, retaliated against him by creating a hostile work environment, and wrongfully terminating his employment.

7. Plaintiff alleges that the Defendant created a workplace atmosphere that was permeated with discriminatory intimidation, ridicule, and insult sufficiently severe or pervasive to alter the conditions of Plaintiff's employment with Defendant.

8. The alleged acts against Plaintiff were done knowingly, purposely, and with all intentions of depriving him of his right to be free of discrimination and retaliation within his employment with the defendant.

9. Defendant is subject to state and federal employment laws of the State of New York.

## FACTS

10. On July 4, 2018, the Plaintiff was hired by the defendant as a caregiver for elderly residents at the defendant's facility where he provided an employee ID number 111569. His salary was $12.95 /hr. Plaintiff was supposed to work 40 hours a week. Plaintiff had about 5 years of experience as a caregiver. As such, he was qualified for the position.

11. Before accepting the employment, the plaintiff informed the defendant that he was suffering from epilepsy and that he was taking CBD (cannabidiol) to treat his medical condition, which he obtained from Columbia Care, a NYS licensed dispensary located in Riverhead, NY. Prior to the commencement of employment, plaintiff took a blood test required by the defendant. Plaintiff was approved for medical marijuana by a licensed medical provider.

12. The defendant was on notice of the plaintiff's medical condition. The plaintiff provided copies of his NYS medical marijuana program registry identification card and certificate to the defendant. The plaintiff disclosed in full detail his medical condition to the defendant.

13. On or about July 5, 2018, upon receipt of the blood test results, Defendant terminated the plaintiff's employment based on his medical condition and his approved use of CBD. In doing so, Defendant discriminated against the plaintiff and wrongfully terminated him.

## AS AND FOR A FIRST CAUSE OF ACTION
## HARASSMENT, HOSTILE WORK ENVIRONMENT,
## WRONGFUL TERMINATION UNDER NYSHRL

14. Plaintiff incorporates and re-alleges by reference the allegations of paragraphs 1 to 13 as if fully set forth herein.

15. Defendant discriminated against Plaintiff by subjecting him to a discriminatory, hostile and intimidating work environment that resulted in an adverse employment action.

16. As a result of the Defendant's conduct, Plaintiff has suffered monetary damages, pain and suffering and emotional distress. As such, Plaintiff seeks damages, including attorneys' fees, on the First Cause of Action in an amount to be determined at trial.

## AS FOR A SECOND CAUSE OF ACTION
## RETALIATION UNDER NYSHRL

17. Plaintiff incorporates and re-alleges by reference the allegations contained in paragraphs 1-16 as if fully set forth herein.

18. Under the NYSHRL it is unlawful discriminatory practice for an employer to retaliate or discriminate in any manner on the basis of an employee's medical condition. A *prima facie* case of retaliation under the NYSHRL is demonstrated when a party suffers from a documented medical condition, the defendant knew about the medical condition, the defendant

took an employment action that disadvantaged the plaintiff and there is a causal connection between the protected activity and the negative employment action.

19. In this case, plaintiff disclosed to the defendant that he was suffering from a medical condition prior to accepting the employment. Instead of accommodating the plaintiff's medical condition, the defendant retaliated against the plaintiff and terminated his position.

20. Defendant's actions constitute unlawful retaliation for which the Plaintiff has suffered damages.

21. As such, Plaintiff seeks damages on the Second Cause of Action including back pay, front pay, compensatory damages, punitive damages, pain and suffering, and attorney's fee in an amount to be determined at trial.

## AS FOR A THIRD CAUSE OF ACTION
## VIOLATIONS OF NYS HUMAN RIGHTS LAW

22. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 21 of the Complaint as if the fully set forth herein.

23. Defendant intentionally and/or negligently discriminated against the Plaintiff in violation of the NYSHRL because of his medical condition.

24. Defendant discriminated against the Plaintiff and singled out the Plaintiff because of his medical condition.

25. As a result of the Defendant's violations of the NYSHRL, Plaintiff has lost pay and benefits and suffered substantial emotional distress, and pain and suffering. As such, Plaintiff seeks damages on the Third Cause of Action in an amount to be determined at trial.

## AS FOR AN FOURTH CAUSE OF ACTION
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

26. The Plaintiff repeats and re-alleges all allegations contained in paragraphs 1 to 25 as

if fully set forth herein.

26. Defendant engaged in, instigated, and directed a course of extreme and outrageous conduct with the intention of causing, or with reckless disregard of the probability of causing, emotional distress to Plaintiff.

27. As a proximate result of the Defendant's action, Plaintiff suffered severe or extreme emotional distress. As such, Plaintiff seeks damages on the Fourth Cause of Action in an amount to be determined at trial.

**WHEREFORE**, Plaintiff ROBERT AMBROSINI demands judgment against the Defendant ATRIA MANAGEMENT COMPANY, LLC, in the amount set forth by a jury and for relief requested herein, back pay with prejudgment interest and all the fringe benefits to which he is entitled; pain and suffering, front pay and benefits; actual and punitive damages, and costs incurred because of the Defendant's unlawful behavior; including costs, disbursements, and attorney's fees to the extent permitted by law, and for such and other further relief that this Court deems just, proper and equitable.

Dated: New York, New York
         May 19, 2021

Yours, etc.,

VANDAMME LAW FIRM, P.C.
/s/ *Hendrick Vandamme*
Hendrick Vandamme, Esq.
46 Trinity Place, 3rd Floor
New York, New York 10006
Tel: 212-641-0613/212-851-6916

## **VERIFICATION**

Hendrick Vandamme, an attorney for the plaintiff and duly admitted to practice in the Courts of the State of New York, affirms the following statements to be true under the penalties of perjury, pursuant to CPLR 2016:

I have read the complaint and know the contents to be true except to the matters stated to be alleged on information and belief, and as to those matters, I believe them to be true.

The source for this information and the ground for my belief are derived from the file maintained in the normal course of business by the attorneys for the plaintiff.

Since my firm maintains an office in New York County and the plaintiff resides in Suffolk, the complaint was affirmed by me.

Dated: New York, New York
       May 19, 2021

                                  /s/ Hendrick Vandamme
                                  Hendrick Vandamme, Esq.

Index No.
SUPREME COURT OF THE STATE OF NEW YORK - COUNTY OF SUFFOLK

ROBERT AMBROSINI,

                                  Plaintiff,

-against-

ATRIA MANAGEMENT COMPANY, LLC,

                                  Defendant.

**VANDAMME LAW FIRM, P.C.**
**Attorneys for Plaintiff**
**46 Trinity Place, 3rd Floor**
**New York, New York 10006**
**(212) 641-0613**
**(212) 851-6916**

## Summons and Verified Complaint

**Pursuant to 22NYCRR 130- 1.1, the undersigned, an attorney admitted to practice in the Courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.**

                          s/ _____
                          **HENDRICK VANDAMME, ESQ.**

☐ NOTICE OF ENTRY
that the within is a (certified) true copy of an order duly entered in the office of the clerk of the within-named Court on

☐ NOTICE OF SETTLEMENT
that an order, of which the within is a true copy, will be presented for settlement to the HON.                   one of the judges of the within-named Court, at on the    day of      , 20   , at      A.M.